UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

LATAYA RUFF,

                 Plaintiff,

       -against-

TISHMAN CONSTRUCTION
CORPORATION OF NEW YORK,
TISHMAN CONSTRUCTION
CORPORATION and AECOM
TECHNOLOGY CORPORATION
d/b/a AECOM,

            Defendants.

------------------------------------------------------ X

Case No. 13 CV 2516 (KBF)
ECF Case

**DEFENDANTS' ANSWER AND
AFFIRMATIVE AND OTHER
DEFENSES TO PLAINTIFF'S
COMPLAINT**

Defendants Tishman Construction Corporation of New York, Tishman Construction

Corporation (collectively, the "Tishman Defendants") and AECOM Technology Corporation

("AECOM") (collectively, "Defendants") by and through their attorneys, Seyfarth Shaw LLP,

hereby submit their Answer to Plaintiff's Complaint as follows:

<u>AS TO "NATURE OF THE CASE"</u>

<u>COMPLAINT ¶1:</u>

Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as amended,
42 U.S.C. §2000e et. Seq. ("Title VII"), and to remedy violations of state common law based
upon the pendent jurisdiction of this Court pursuant to <u>Gibb</u>, 38 U.S. 715 (1966), and 28 U.S.C.
§1367, and under the laws of the City and State of New York, seeking declaratory and injunctive
relief and damages to redress the injuries Plaintiff has suffered as a result of being harassed,
discriminated against, discharged, and retaliated against by Plaintiff's former employer on the
basis of race, gender, sexual harassment, and retaliation.

<u>ANSWER:</u>

Defendants deny the allegations set forth in Paragraph 1 of the Complaint, except admit

that Plaintiff alleges she complains pursuant to Title VII of the Civil Rights Act of 1964 and

seeks to remedy violations of state common law based upon the pendent jurisdiction of this

Court and under the laws of the City and State of New York as set forth in Paragraph 1 of the

Complaint.

**COMPLAINT ¶2:**

Plaintiff further complains pursuant to the laws of the State of New York and the Administrative Code of the City of New York, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed, discriminated against, and discharged by Plaintiff's former employer on the basis of race, gender, sex and retaliation.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 2 of the Complaint, except admit

that Plaintiff alleges she complains pursuant to the laws of the State of New York and

Administrative Code of the City of New York as set forth in Paragraph 2 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

**COMPLAINT ¶3:**

The Court has jurisdiction pursuant to 42 U.S.C. §12101 <u>et</u>. <u>seq.</u>; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

**ANSWER:**

The allegations set forth in Paragraph 3 of the Complaint set forth conclusions of law

only and therefore no response is required.

**COMPLAINT ¶4:**

The Court has supplemental jurisdiction over the claims of Plaintiff brought under the City and State law pursuant to 28 U.S.C. § 1367.

**ANSWER:**

The allegations set forth in Paragraph 4 of the Complaint set forth conclusions of law

only and therefore no response is required.

**COMPLAINT ¶5:**

Venue is proper in this district based upon the acts of discrimination, which occurred in New York County, within the Southern District of New York.  28 U.S.C. §1391(b).

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 5 of the Complaint, except admit that Plaintiff alleges venue is proper in this district.

## AS TO "PARTIES"

**COMPLAINT ¶6:**

Plaintiff is a resident of the State of New York.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint, except admit that while working for the Tishman Defendants, Plaintiff represented she was a resident of the State of New York.

As to AECOM: AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

Plaintiff is an African-American female.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint.

**COMPLAINT ¶8:**

Defendant, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, (hereinafter called as TISHMAN NY) is a domestic business entity duly existing under the laws of the State of New York.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

**COMPLAINT ¶9:**

Defendant TISHMAN NY is a foreign business entity duly authorized to conduct business in the State of New York.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

Defendant TISHMAN NY operates a construction business with offices at 666 5TH AVE NEW YORK, NEW YORK, 10103.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

Defendant TISHMAN NY's corporate headquarters is located at 100 PARK AVENUE NEW YORK, NEW YORK, 10017.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

Plaintiff was an employee of the defendant TISHMAN NY.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Defendant, TISHMAN CONSTRUCTION CORPORATION hereinafter called as TISHMAN) is a domestic business entity duly existing under the laws of the State of New York.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

15655531v.1

**COMPLAINT ¶14:**

Defendant TISHMAN is a foreign business entity duly authorized to conduct business in the State of New York.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

Defendant TISHMAN operates a construction business with offices at 666 5TH AVE NEW YORK, NEW YORK, 10103.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

Defendant TISHMAN's corporate headquarters is located at 100 PARK AVENUE NEW YORK, NEW YORK, 10017.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

Plaintiff was an employee of TISHMAN.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

Defendant, AECOM TECHNOLOGY CORPORATION (hereinafter called as AECOM) is a domestic business entity duly existing under the laws of the State of New York.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

Defendant AECOM is a foreign business entity duly authorized to conduct business in the State of New York.

15655531v.1

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

Defendant AECOM operates a construction business with offices in the New York City.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

Defendant AECOM's worldwide headquarters is located at 555 SOUTH FLOWER STREET, SUITE 3700, Los Angeles, California.

**ANSWER:**

Defendants admit the allegations set forth in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

Defendant AECOM's nationwide headquarters is located at 100 PARK AVENUE NEW YORK, NEW YORK, 10017.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 22 of the Complaint, except admit that AECOM maintains an office at 100 Park Avenue, New York, New York 10017.

**COMPLAINT ¶23:**

Plaintiff was an employee of the defendant AECOM.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

Defendant AECOM owns co-defendants TISHMAN and TISHMAN NY.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 24 of the Complaint and direct the Court to Defendants' Rule 7.1 Statement for details as to the Defendants' corporate structure.

**COMPLAINT ¶25:**

The defendants AECOM, TISHMAN and TISHMAN NY jointly employed Plaintiff.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

The defendant AECOM manages, supervises and controls the defendant TISHMAN'S employees, their salaries, policies and procedures concerning Labor Relations including but not limited to the issues concerning discrimination, harassment and hostile work environment at the work place.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

The defendant AECOM manages, supervises and controls the defendant TISHMAN NY's employees, salaries, policies, procedures concerning Labor Relations, including but not limited to the issues concerning discrimination, harassment and hostile work environment at the work place.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

## AS TO "PROCEDURAL HISTORY"

**COMPLAINT ¶28:**

On or about September 19, 2012, Plaintiff filed a complaint with EEOC.

**ANSWER:**

Defendants admit the allegation set forth in Paragraph 28 of the Complaint, but aver that the complaint filed with the EEOC on September 19, 2012 was not signed by Plaintiff.

**COMPLAINT ¶29:**

On or about March 26, 2013, Plaintiff received a notice of right to sue from EEOC.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

Plaintiff filed her EEOC complaint within three hundred (300) days of her wrongful discharge and the continuing harassment.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 30 of the Complaint, except admit that an EEOC complaint was filed on or about September 19, 2012, but aver the complaint filed on that date was not signed by Plaintiff.

**COMPLAINT ¶31:**

Plaintiff brings this action before this Court within ninety (90) days of receiving a notice of right to see from EEOC.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 31 of the Complaint, but admit Plaintiff brought this action within ninety (90) days of the date on which the EEOC mailed a Notice of Right to Sue letter in this matter.

<u>**AS TO "MATERIAL FACTS"**</u>

**COMPLAINT ¶32:**

Plaintiff completed the Non-Traditional Employment for Women's ("NEW") program for apprentices in October 2008.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32 of the Complaint, except admit that Plaintiff was a participant in the Non-Traditional Employment for Women program.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

Plaintiff has been a member of the Construction & General Building Laborers' Local 79 ("Local 79" or the "Union") since May 2009.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 33 of the Complaint, except admit that while working with the Tishman Defendants, Plaintiff was a member of the Construction General Building Laborers' Local 79.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

Plaintiff became a journey person in her trade in July 2012 and hold certificates of completion for 28 different specialty areas including but not limited to concrete, lire proofing and asbestos.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to truth or falsity of the allegations set forth in Paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

As an apprentice and now as a journey person, Plaintiff has been employed at construction jobs consistently for the past 4 (four) years.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to truth or falsity of the allegations set forth in Paragraph 35 of the Complaint.

15655531v.1

**COMPLAINT ¶36:**

In or around August of 2011, Plaintiff was sent by her Union to work at the construction site of the International Gem Tower, a 34-story building located at 44 W. 47th Street, in Manhattan, run by TISHMAN, TISHMAN NY and AECOM.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 36 of the Complaint, except aver that after an in-person interview conducted by the Tishman Defendants, in or around August 2011, Plaintiff was placed at the International Gem Tower construction site, a 34-story building located at 44 West 47th Street, in Manhattan.

As to AECOM:  AECOM denies that it ran the International Gem Tower located at 44 West 47th Street in Manhattan and further denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

TISHMAN is a wholly owned subsidiary of AECOM.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 37 of the Complaint and direct the Court to Defendants' Rule 7.1 Statement for details as to Defendants' corporate structure.

**COMPLAINT ¶38:**

The International Gem Tower (the "Project") was scheduled to last approximately two more years at the time of Plaintiff's employment with the defendants.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 38 of the Complaint.

15655531v.1

**COMPLAINT ¶39:**

In or around August of 2011 Plaintiff was assigned as the sole apprentice on a nine (9)-person Laborer crew doing general cleaning at the work site of the Project.  Plaintiff was the only female on the crew aside from Sondra Weeks, another African American woman.  Sandra Weeks were laid off regularly and at a far-greater frequency than any other member of the crew; all of who were men, which may indicate she was also being discriminated against because of her sex and/or sex plus race.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 39 of the Complaint, except admit that in or around August of 2011, Plaintiff was assigned as the sole apprentice on a laborer crew responsible for general cleaning work at the International Gem Tower, and further admit that Plaintiff was the only female on the crew aside from Sandra Weekes, who is also an African American woman and further aver that the number of laborers on the laborer crew during the relevant time period ranged from seven (7) to nine (9).

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

There was no women's "shanty" (a place to change clothes, take breaks, and warm up in the winter) at the project site when Plaintiff started working for the defendants.  Plaintiff had limited and mandatory access to the men's shanty.  If Plaintiff were inside the men's shanty trying to get warm and a male co-worker wanted to come in and change, Plaintiff was forced to leave.  Plaintiff had no place to change her clothes on site.

**ANSWER:**

As to the Tishman Defendants: Tishman Defendants deny the allegations set forth in Paragraph 40 of the Complaint, except admit that when Plaintiff started working at the International Gem Tower there was no women's "shanty" at the site, but aver that Plaintiff was permitted to use the men's shanty to warm up and to use the men's shanty and women's restroom to change, both of which she could lock to maintain her privacy.

11

As to AECOM:  AECOM denies it employed Plaintiff and further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 40 of the Complaint.

## COMPLAINT ¶41:

Plaintiff worked cooperatively, efficiently and without incident at the project site for the first three months.  Plaintiff was never reprimanded, disciplined, or otherwise given a negative performance evaluation during that time.

## ANSWER:

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 41 of the Complaint, except deny knowledge or information as to whether Plaintiff received a negative performance evaluation.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 41 of the Complaint.

## COMPLAINT ¶42:

In or around the second week of November 2011 while Plaintiff was pumping water as the foreman, Ralph had instructed her to do, the deputy foreman, Guy demanded Plaintiff to stop and do something else.  When Plaintiff explained that she was carrying out the job Ralph had told her to do, Guy yelled at Plaintiff ***"You are going to do whatever the fuck I tell you to do."*** He then took the water pump Plaintiff was using, unplugged it, and threw it violently to the ground.  Everyone in the area stopped what they were doing and stared.  Plaintiff walked away, upset and embarrassed.  Once away from the immediate area and began to cry.

## ANSWER:

As to the Tishman Defendants: Tishman Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 42 of the Complaint.

**COMPLAINT ¶43:**

On the same date, Plaintiff notified Ralph of the incident.  Ralph called for a meeting with Plaintiff, Guy, and die shop steward Jimmy to discuss the Incident.  At the meeting, Ralph acknowledged that the comment was inappropriate and the meeting ended.

**ANSWER:**

As to the Tishman Defendants: Tishman Defendants deny the allegations set forth in Paragraph 43 of the Complaint, except admit that Plaintiff notified Superintendent Ralph Serra of the alleged incident and aver that, in response, Mr. Serra spoke with Plaintiff, Guy Macaluso and the Shop Steward Jimmy Cardone to discuss the alleged incident.  Tishman Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 43 of the Complaint.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

Ralph had supervisory authority over Plaintiff.

**ANSWER:**

As to the Tishman Defendants: Tishman Defendants admit the allegation set forth in Paragraph 44 of the Complaint.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 44 of the Complaint.

**COMPLAINT ¶45:**

Guy had seniority over Plaintiff.

**ANSWER:**

As to the Tishman Defendants: Tishman Defendants admit the allegation set forth in Paragraph 45 of the Complaint and aver that as an apprentice and the most junior person on her laborer crew, each member of the crew had "seniority" over Plaintiff.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 45 of the Complaint.

**COMPLAINT ¶46:**

Shortly after, Plaintiff was on the steps cleaning debris when Plaintiff witnessed Jimmy, the shop steward, and Guy were talking to each other.  Apparently they were unaware of Plaintiff's presence there.  Plaintiff heard them speaking about her.  More specifically Jimmy, who also had supervisory authority over Plaintiff, told Guy, ***"Don't pay this bitch no mind.  She thinks she's running things.  She's been put in her place now."***

**ANSWER:**

As to the Tishman Defendants: Tishman Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 46 of the Complaint.

**COMPLAINT ¶47:**

From that point forward, Plaintiff was repeatedly subjected to sexual and racial harassment, discrimination and retaliation for reporting the Incident from her supervisors and from others in her crew.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

**COMPLAINT ¶48:**

When Plaintiff arrived at work the following day, Ralph explained to Plaintiff that, because Plaintiff ***"was unable to get along with the guys,"*** he would provide Plaintiff a separate list of duties each day to perform on her own.  This new arrangement denied Plaintiff any training opportunities Plaintiff was supposed to receive as an apprentice; jeopardized her safety, and forced Plaintiff into isolation from the rest of the crew, making her feel like an outcast. Also, the list contained a heavy amount of work to be accomplished by one person in any given

14

day.  Nevertheless, Plaintiff worked hard to competently complete the work she was assigned and made every effort to get along with the crew.

**ANSWER:**

As to the Tishman Defendants: Tishman Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

One of Plaintiff's new assignments was to clean the men's bathroom by herself every day.  Plaintiff felt humiliated by this assignment, yet she did the job without complaint.

**ANSWER:**

As to the Tishman Defendants: Tishman Defendants deny the allegations set forth in Paragraph 49 of the Complaint, except deny knowledge or information as to how Plaintiff "felt," admit that Plaintiff was assigned to clean the men's bathroom but aver this was a standard cleaning assignment for a laborer.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 49 of the Complaint.

**COMPLAINT ¶50:**

Plaintiff cleaned the bathroom without incident for two or three days.  On approximately the fourth day working on the bathroom assignment, when Plaintiff came to the bathroom to perform her job, ***she found feces smeared on all the toilet seats.***  The next day, and approximately every day thereafter, ***toilet paper covered in feces was strewn across the floor***. Plaintiff had to use a mask and rubber glows to clean the mass.  Upon information and belief, some of the Plaintiff's male co-workers started smearing feces on the toilet seats and scattering toilet paper covered in faces after they learned that Plaintiff was assigned to clean the female bathroom.

**ANSWER:**

As to the Tishman Defendants: Tishman Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 50 of the Complaint, except

aver that the conditions of the men's restroom at the International Gem Tower were and are frequently less than sterile, and deny that the conditions of the restroom were related in any way to Plaintiff.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

One day by the end of the first week, Plaintiff found all three toilets and the urinal clogged at the same time so that the contents backed up onto her when she flushed the toilets during cleaning.  This then became a regular occurrence Plaintiff encountered.

**ANSWER:**

As to the Tishman Defendants: Tishman Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 51 of the Complaint, but aver that the conditions of the men's restroom at the International Gem Tower were and are often less than sterile, and deny that the conditions of the restroom were related in any way to Plaintiff.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

During the second week after the assignment and on different days, Plaintiff found graffiti on the walls and doors of the bathroom.  More specifically, the graffiti included several drawings of penises and the messages ***"Free Condoms - Magnum," "Want Your Balls to Itch Fuck a Black Bitch," "How Do You Keep a Black Boy Out of Your Yard?  Hang One in Front.  Ha!  Ha!  Ha!"  "How Many Kids Do You Have From Your Dad" "How Old Were You When Your Father Stopped Touching You."***

**ANSWER:**

As to the Tishman Defendants: Tishman Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 52 of

the Complaint, but aver that graffiti was and is frequently present in the men's restroom at the International Gem Tower, and deny that the conditions of the restroom were related in any way to Plaintiff.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 52 of the Complaint.

## COMPLAINT ¶53:

In or around September of 2011 and on another day, Plaintiff ***encountered a hand-drawn picture of a woman with oversized muscles and a penis*** on the first floor loading dock, which is where Plaintiff deposit the construction garbage she was charged with gathering every day.

## ANSWER:

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 53 of the Complaint.

## COMPLAINT ¶54:

In or around November of 2011 while Plaintiff was near the shanty, Jimmy yelled to her, ***"Go Pick up That Rope Over There - Ya'll Are Used To Being Hung!"***  This was witnessed by the Tishman security guard stationed in a booth in front of the shanty who spoke to Plaintiff later about how wrong that was.  This was just one instance of the many verbal assaults Plaintiff endured.

## ANSWER:

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 54 of the Complaint.

## COMPLAINT ¶55:

In or around November of 2011 Plaintiff was asked to clean up the construction debris. Common practice was to deposit the debris in the middle of the floor each day.  On the date of the incident while Plaintiff was cleaning the debris on the thirteenth floor, the men on her crew blew the debris from the middle of the floor to the outside edge of the floor.  This forced Plaintiff

15655531v.1

to work with heavy debris on the edge of the thirteenth floor of an open building.  Though Plaintiff feared for her safety, Plaintiff completed her task.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 55 of the Complaint, except admit that while working at the International Gem Tower, Plaintiff was occasionally asked, as part of her job responsibilities, to clean construction debris and aver that appropriate safety precautions were always present, including, but not limited to, cocoon netting.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 55 of the Complaint.

**COMPLAINT ¶56:**

Plaintiff informed Roy Barnaby, the General Super for defendants about the assigned job and of her situation including informing him that her co-workers were making derogatory comments about her gender and race.  His only response was to state, in substance, that Plaintiff should not worry because she was a good worker and she was not going to lose her job.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 56 of the Complaint, except admit that Plaintiff spoke to Roy Barnaby regarding her work at the jobsite.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 56 of the Complaint, except denies Roy Barnaby was employed by AECOM.

**COMPLAINT ¶57:**

Plaintiff also contacted her Union's apprenticeship coordinator, Timothy Warrington, about the Incidents and subsequent events.  Warrington acknowledged this was "unacceptable" and informed Plaintiff he would be sending a Business Agent ("B.A.") to represent Plaintiff on the site.

**ANSWER:**

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 57 of the Complaint.

**COMPLAINT ¶58:**

Approximately three weeks after the Incident, Ralph called for a second meeting with Jimmy and Plaintiff.  Ralph said to the Plaintiff ***"You are continuing to have trouble with the guys on the job, and if this continues, we will have to lay you off."***  When Plaintiff spoke to defend herself, Jimmy called Plaintiff a ***"Bitch."***

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 58 of the Complaint.

**COMPLAINT ¶59:**

Upon information and belief, Ralph contacted the Equal Employment Opportunity representative at Tishman Construction, Flora Ramos, after the second meeting to inform her of the Incident and subsequent events.  Ramos came to the site the morning after the second meeting to speak with Plaintiff.  Plaintiff apprised her of the situation and showed her pictures of the graffiti.  She then told Plaintiff ***"This is a Man's Job and This is The Kind Of Stuff That Happens On Construction Sites."***

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 59 of the Complaint, except admit that Flora Ramos visited International Gem Tower worksite to speak with Plaintiff, but aver that Ms. Ramos is the Community Relations Director for the Tishman Defendants.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 59 of the Complaint.

**COMPLAINT ¶60:**

Approximately twenty minutes after Ramos arrived; the Union B.A. charged with representing Plaintiff, came to the site and held a meeting with Ralph, Guy, Jimmy, Ramos and Plaintiff.  Joey asked, in substance, if they could all get along and work together.  At the end of the third meeting, Jimmy hesitantly shook Plaintiff's hand and apologized.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants admit that the Union Business Agent Joey Cangelosi came to the International Gem Tower jobsite and spoke with Plaintiff, Messrs. Serra, Macaluso, Cardone and Ms. Ramos, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 60 of the Complaint.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 60 of the Complaint.

**COMPLAINT ¶61:**

Joey also told management that a women's shanty needed to be put on the site immediately.  Joey further indicated to management that it was inappropriate to have Plaintiff clean the men's bathroom.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 61 of the Complaint, except admit that Mr. Cangelosi instructed that a women's shanty should be put on the job site and further aver that a women's shanty was erected within one (1) week of Mr. Cangeloi's visit.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 61 of the Complaint.

**COMPLAINT ¶62:**

There were no incidents of harassment, discrimination or retaliation in the first two to three days after the meeting with Ramos and Joey.

15655531v.1

**ANSWER:**

Defendants deny all allegations of harassment, discrimination or retaliation set forth in the Complaint and thus deny the allegations set forth in Paragraph 62 of the Complaint.

**COMPLAINT ¶63:**

On approximately the fourth day after the meeting with Ramos and Joey, the harassment, discrimination and retaliation started again.  Plaintiff was waiting for the hoist on the floor below where several men were working.  The hoist moves through an open shaft.  Upon information and belief, the men on the floor above me saw that Plaintiff was waiting for the hoist, though the structure obstructed my view of them.  The men began throwing construction debris down at Plaintiff, hitting Plaintiff with rocks and debris at least twice.

**ANSWER:**

Defendants deny the allegations of harassment, discrimination and retaliation set forth in Paragraph 63 of the Complaint, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 63.

**COMPLAINT ¶64:**

Joey was called to the site a second time on a separate issue brought to him by Weeks.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegation set forth in Paragraph 64 of the Complaint.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 64 of the Complaint.

**COMPLAINT ¶65:**

Approximately three days after Joey's second visit, the word "***Woman***" on the door of the women's single toilet was defaced to read "***Men***."

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 65 of

21

the Complaint, except admit that the word "Women" on the women's restroom at the International Gem Tower jobsite was, at some point in time, changed to read "Men," but aver that the women's restroom was locked and only women had the key which permitted access to the restroom.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 65 of the Complaint.

**COMPLAINT ¶66:**

The harassment and hostile treatment continued.  Despite the multiple interventions, the men continuously harassed Plaintiff.  For example, they would mock Plaintiff and mimic Plaintiff's voice.  They would make rude remarks toward Plaintiff.  They would call Plaintiff a ***"Bitch", "Black Bitch"*** and ***"Stupid Bitch."***  They would close the elevator doors on Plaintiff when they saw Plaintiff approach.  They would nit-pick on Plaintiff's performance.  They would find any reason to report negatively about Plaintiff to the supervisors or others and fabricate stories about Plaintiff's whereabouts (e.g., they would say that Plaintiff was "missing" when she was actually somewhere else on the site cleaning.)

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

**COMPLAINT ¶67:**

One day in late January 2012, Plaintiff was reprimanded by Jimmy for walking into the men's shanty during working hours, which Plaintiff was permitted and forced to do.  The men's shanty was used as an equipment closet, and all employees had to have access to it during working hours.  Plaintiff went in to get a mask and an extension cord, both of which she needed to do her job.  When Plaintiff entered, Jimmy yelled at Plaintiff, ***"Don't just come into the shanty.  This is the men's shanty.  Bitch"***

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 67 of the Complaint, except aver that Plaintiff entered the men's shanty without knocking despite the fact the door to the shanty was closed, indicating men were inside changing, which resulted in an argument.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 67 of the Complaint.

**COMPLAINT ¶68:**

From the time Plaintiff was employed by defendants until her constructive discharge, Jimmy would on a daily basis call Plaintiff ***"Stupid Bitch, Bitch, Black Bitch, Fuckin Bitch"***

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

**COMPLAINT ¶69:**

Plaintiff left the men's shanty and went into the women's shanty, feeling incredibly upset, shaken, and defeated by the ongoing hostility.  This incident was Plaintiff's breaking point.  Plaintiff felt unable to tolerate the harassment any further and left the job.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 69 of the Complaint, except denies the allegations of harassment set forth in Paragraph 69 of the Complaint.

**COMPLAINT ¶70:**

Thereafter, the Plaintiff was placed at a new job at Harlem Children Zone (again a TISHMAN, TISHMAN NY, AECOM contract).

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 70 of the Complaint, except admit that in or around February 2012, Plaintiff was placed at the Harlem Children Zone, a jobsite operated by the Tishman Defendants.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 70 of the Complaint, except denies that the Harlem Children Zone is an AECOM job site.

**COMPLAINT ¶71:**

The foreman at the Harlem Children Zone, who was Plaintiff's supervisor, was aware that the Plaintiff had complaints of discrimination and harassment.  More specifically, on Plaintiff's first day at work at Harlem Children Zone, the Foremen said to Plaintiff "I heard you were having problems with the guys over there (referring to Gem Tower) That's why Flora placed you over here with me."

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 71 of the Complaint, except admit that the foreman of the Harlem Children's Zone was Plaintiff's supervisor.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 71 of the Complaint.

**COMPLAINT ¶72:**

After Plaintiff started working at the Harlem Children Zone, the defendants continued harassing and retaliating against the Plaintiff for complaining about gender and race discrimination.  By way of example, the FOREMAN would not inform Plaintiff of her breaks and would instruct Plaintiff to work by herself.  The entire (3) three weeks Plaintiff worked there she was isolated.  At the end of the third week, Plaintiff was laid off for not answering her personal cell phone at work.  Plaintiff was told from Union training school that she was not allowed to use her personal cell phone at work and that if she does, she would be subject to immediate termination.

**ANSWER:**

As to the Tishman Defendants:  Tishman Defendants deny the allegations set forth in Paragraph 72 of the Complaint, except aver that Plaintiff was terminated for, among other reasons, not answering her personal cell phone at work after given explicit instructions to do so by her foreman.

As to AECOM:  AECOM denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 72 of the Complaint, except denies that AECOM employed Plaintiff or that Plaintiff was harassed or retaliated against.

**COMPLAINT ¶73:**

Plaintiff was terminated from her position in retaliation of her complaints of harassment and discrimination.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

**COMPLAINT ¶74:**

Defendants unlawfully discriminated against and harassed the Plaintiff.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

**COMPLAINT ¶75:**

Defendants created an unlawful hostile work environment for Plaintiff.

**ANSWER:**

Defendants deny the allegation set forth in Paragraph 75 of the Complaint.

**COMPLAINT ¶76:**

Defendants treated Plaintiff differently because of her gender and race.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

**COMPLAINT ¶77:**

Defendants subjected Plaintiff to derogatory and offensive conduct.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

**COMPLAINT ¶78:**

Plaintiff have been unlawfully discriminated against, were humiliated, and have been degraded and belittled; and as a result suffers loss of rights, emotional distress, loss of income, earnings and personal injuries.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 78 of the Complaint.

**COMPLAINT ¶79:**

Plaintiff is being forced from her employment and claim[s] constructive (Gem Tower) and actual discharge (Harlem Children Zone) against the Defendants.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 79 of the Complaint, except admit

that Plaintiff purports to assert constructive and actual discharge claims against the Defendants

as set forth in Paragraph 79 of the Complaint.

**COMPLAINT ¶80:**

Plaintiff situation at her job was intolerable as a result of the discrimination by Defendants to which they were subjected, and no reasonable person in Plaintiff's position could be expected to continue working under those conditions.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

**COMPLAINT ¶81:**

Throughout Plaintiff's employment with Defendants, Plaintiff would protest and complain to Defendants about this unlawful conduct.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 81 of the Complaint.

**COMPLAINT ¶82:**

Despite such complaints and protests, Defendants continued to unlawfully discriminate against the Plaintiff.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

**COMPLAINT ¶83:**

Plaintiff's performance was, upon information and belief, above average during the course of employment with the Defendants without the discriminatory practices.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

**COMPLAINT ¶84:**

During Plaintiff's employment with the Defendants, Plaintiff was regularly exposed to discriminatory, offensive and hostile work environment.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 84 of the Complaint.

**COMPLAINT ¶85:**

Defendants' actions and conduct were and are intentional and intended to harm the Plaintiff.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

**COMPLAINT ¶86:**

After Plaintiff protested to Defendant, Plaintiff became the subject of discriminatory retaliation by the Defendant.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 86 of the Complaint.

**COMPLAINT ¶87:**

As a result of Defendant's action, Plaintiffs felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

**COMPLAINT ¶88:**

Defendants' hostile actions created a hostile working environment which no reasonable person could be expected to tolerate.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

**COMPLAINT ¶89:**

As a result of the Defendant's discriminatory and intolerable treatment, Plaintiff suffered severe emotional distress.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

**COMPLAINT ¶90:**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, commission, bonuses, benefits and other compensation which such employment entails, and Plaintiff have also suffered future pecuniary losses, emotional pain, suffering, inconveniences, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

**COMPLAINT ¶91:**

As a result of the above Plaintiff have each been damaged in the amount that exceeds the jurisdictional limits of all lower Courts.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

**COMPLAINT ¶92:**

The defendants conduct was intentional.

**ANSWER:**

Defendants deny the allegation set forth in Paragraph 92 of the Complaint.

**COMPLAINT ¶93:**

The defendants' employees, agents intended to harm Plaintiff.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

**COMPLAINT ¶94:**

The defendants conduct was outrageous.

**ANSWER:**

Defendants deny the allegation set forth in Paragraph 94 of the Complaint.

### AS TO "AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE LAW"

**COMPLAINT ¶95:**

Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**ANSWER:**

Defendants repeat and reiterate their responses to paragraphs 1 through 94 of the Complaint as though fully set forth herein.

**COMPLAINT ¶96:**

Executive Law § 296 provides that "1.  It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

**ANSWER:**

The allegations set forth in Paragraph 96 of the Complaint state conclusions of law only and thus no response is required.

**COMPLAINT ¶97:**

Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her gender and sex.

15655531v.1

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

**COMPLAINT ¶98:**

Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

**ANSWER:**

Defendants admit that Plaintiff purports to make a claim against Defendants as set forth in Paragraph 98 of the Complaint.

**AS TO "A SECOND CAUSE OF ACTION
FOR DISCRIMINATION UNDER STATE LAW"**

**COMPLAINT ¶99:**

Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**ANSWER:**

Defendants repeat and reiterate their responses to paragraphs 1 through 98 of the Complaint as though fully set forth herein.

**COMPLAINT ¶100:**

New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

**ANSWER:**

The allegations set forth in Paragraph 100 of the Complaint state conclusions of law only and thus no response is required.

## COMPLAINT ¶101:

Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## ANSWER:

Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

## AS TO "A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW"

## COMPLAINT ¶102:

Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

## ANSWER:

Defendants repeat and reiterate their responses to paragraphs 1 through 101 of the

Complaint as though fully set forth herein.

## COMPLAINT ¶103:

New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

"For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

## ANSWER:

The allegations set forth in Paragraph 103 of the Complaint state conclusions of law only

and thus no response is required.

## COMPLAINT ¶104:

Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## ANSWER:

Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

## AS TO "A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY
## ADMINISTRATIVE CODE

**COMPLAINT ¶105:**

Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**ANSWER:**

Defendants repeat and reiterate their responses to paragraphs 1 through 104 of the

Complaint as though fully set forth herein.

**COMPLAINT ¶106:**

The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:  "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

**ANSWER:**

The allegations set forth in Paragraph 106 of the Complaint state conclusions of law only

and thus no response is required.

**COMPLAINT ¶107:**

Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's gender, sex and retaliation.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

**COMPLAINT ¶108:**

Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

15655531v.1

**ANSWER:**

Defendants admit that Plaintiff purports to make a claim against Defendants as set forth

in Paragraph 108 of the Complaint.

**AS TO "A FIFTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
AGAINST THE ALL DEFENDANTS"**

**COMPLAINT ¶109:**

Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**ANSWER:**

Defendants repeat and reiterate their responses to paragraphs 1 through 108 of the

Complaint as though fully set forth herein.

**COMPLAINT ¶110:**

The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice:

> "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

**ANSWER:**

The allegations set forth in Paragraph 110 of the Complaint state conclusions of law only

and thus no response is required.

**COMPLAINT ¶111:**

Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

15655531v.1

## AS TO "A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK
## CITY ADMINISTRATIVE CODE"

**COMPLAINT ¶112:**

Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**ANSWER:**

Defendants repeat and reiterate their responses to paragraphs 1 through 111 of the

Complaint as though fully set forth herein.

**COMPLAINT ¶113:**

The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice:

"For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

**ANSWER:**

The allegations set forth in Paragraph 113 of the Complaint state conclusions of law only

and thus no response is required.

**COMPLAINT ¶114:**

Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

## AS TO "A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK
## CITY ADMINISTRATIVE CODE"

**COMPLAINT ¶115:**

Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

15655531v.1

**ANSWER:**

Defendants repeat and reiterate their responses to paragraphs 1 through 114 of the Complaint as though fully set forth herein.

**COMPLAINT ¶116:**

Section 8-107(19), entitled Interference with protected rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

**ANSWER:**

The allegations set forth in Paragraph 116 of the Complaint state conclusions of law only and thus no response is required.

**COMPLAINT ¶117:**

Defendants violated the above section as set forth herein.

**ANSWER:**

Defendants deny the allegation set forth in Paragraph 117 of the Complaint.

**AS TO "AN EIGHTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER THE NEW YORK
CITY ADMINISTRATIVE CODE"**

**COMPLAINT ¶118:**

Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**ANSWER:**

Defendants repeat and reiterate their responses to paragraphs 1 through 117 of the Complaint as though fully set forth herein.

**COMPLAINT ¶119:**

Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor.  Provides

a.  An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b.  An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1)  the employee or agent exercised managerial or supervisory responsibility; or

(2)  the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3)  the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

**ANSWER:**

The allegations set forth in Paragraph 119 of the Complaint state conclusions of law only and thus no response is required.

**COMPLAINT ¶120:**

Defendants violated the above section as set forth herein.

**ANSWER:**

Defendants deny the allegation set forth in Paragraph 120 of the Complaint.

## AS TO "A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII"

**COMPLAINT ¶121:**

Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

15655531v.1

**ANSWER:**

Defendants repeat and reiterate their responses to paragraphs 1 through 120 of the

Complaint as though fully set forth herein.

**COMPLAINT ¶122:**

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2 provides that

(a)     It shall be an unlawful employment practice for an employer -

      (1)     to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

      (2)     to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

**ANSWER:**

The allegations set forth in Paragraph 122 of the Complaint state conclusions of law only

and thus no response is required.

**COMPLAINT ¶123:**

Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e-2 by actually and constructively terminating Plaintiff, creating a hostile work environment, and otherwise discriminating against Plaintiff because of her sex and sexual harassment.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 123 of the Complaint.

**AS TO "A TENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER TITLE VII"**

**COMPLAINT ¶124:**

Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

**ANSWER:**

Defendants repeat and reiterate their responses to paragraphs 1 through 123 of the

Complaint as though fully set forth herein.

**COMPLAINT ¶125:**

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides
that it shall be unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because [s]he has
> opposed any practice made an unlawful employment practice by this subchapter,
> or because [s]he has made a charge, testified, assisted or participated in any
> manner in an investigation, proceeding, or hearing under this subchapter."

**ANSWER:**

The allegations set forth in Paragraph 125 of the Complaint state conclusions of law only

and thus no response is required.

**COMPLAINT ¶126:**

Defendants engaged in unlawful employment practice prohibited by 42 U.S.C.
§2000e-3(a) by discriminating against Plaintiff with respect to the terms, conditions or privileges
of employment because of Plaintiff's opposition to the unlawful employment practices of
Defendants.

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 126 of the Complaint.

## AS TO "INJURY AND DAMAGES"

**COMPLAINT ¶127:**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will
continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other
compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has
also suffered future pecuniary losses, back pay and front pay, emotional pain, suffering,
inconvenience, weight gain, injury to reputation, loss of enjoyment of life, and other non-
pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

15655531v.1

**ANSWER:**

Defendants deny the allegations set forth in Paragraph 127 of the Complaint and further deny all allegations set forth in the WHEREFORE clause.

### AS AND FOR DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

### AS AND FOR DEFENDANTS' FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

### AS AND FOR DEFENDANTS' SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable limitations periods.

### AS AND FOR DEFENDANTS' THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because she has either partially mitigated and/or willfully failed to mitigate her alleged damages.

### AS AND FOR DEFENDANTS' FOURTH DEFENSE

Each and every action taken by Defendants with regard to Plaintiff was based on legitimate, non-discriminatory and non-retaliatory business reasons, and would have been taken regardless of Plaintiff's race and/or gender and/or alleged participation in a protected activity.

### AS AND FOR DEFENDANTS' FIFTH DEFENSE

At all times relevant hereto, Defendants have acted reasonably and in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local law, rule, regulation or guideline or under common law.

15655531v.1

## AS AND FOR DEFENDANTS' SIXTH DEFENSE

Plaintiff's claims for discrimination and/or hostile work environment are barred and/or any recovery of damages is precluded because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior.

## AS AND FOR DEFENDANTS' SEVENTH DEFENSE

Plaintiff's claims for discrimination are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendants' preventive or corrective opportunities or to avoid harm otherwise.

## AS AND FOR DEFENDANTS' EIGHTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or after acquired evidence of wrongdoing.

## AS AND FOR DEFENDANTS' NINTH DEFENSE

Defendants are not vicariously liable for the alleged actions of any of their employees.

## AS AND FOR DEFENDANTS' TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or waiver.

## AS AND FOR DEFENDANTS' ELEVENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, quasi-estoppel, and/or equitable estoppel.

## AS AND FOR DEFENDANTS' TWELFTH DEFENSE

Defendants reserve the right to amend their Answer to raise additional affirmative defenses or to pursue any available counterclaim against Plaintiff as those claims or affirmative defenses become known during the litigation.

15655531v.1

WHEREFORE, Defendants pray that the Court enter a judgment:

1.      dismissing the Complaint with prejudice;

2.      granting Defendants their costs, including attorney's fees, incurred in this

action;  and

3.      granting such other and further relief as the Court may deem just and

proper.


Dated: New York, New York                   SEYFARTH SHAW LLP
        May 15, 2013


                                            By: s/ Lorie E. Almon
                                               Lorie E. Almon
                                               Gena B. Usenheimer
                                               lamon@seyfarth.com
                                               gusenheimer@seyfarth.com
                                               620 Eighth Avenue
                                               New York, New York  10018
                                               Telephone:  (212) 218-5500
                                               Facsimile:  (212) 218-5526

                                            ATTORNEYS FOR DEFENDANTS
                                            TISHMAN CONSTRUCTION COMPANY,
                                            TISHMAN CONSTRUCTION COMPANY
                                            OF NEW YORK AND AECOM
                                            TECHNOLOGY CORPORATION

15655531v.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that she electronically filed the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT using the Court's CM/ECF method, and that a copy of the foregoing was served on counsel of record, via the Court's CM/ECF method on this 15th day of May, 2013.

s/ Lorie E. Almon
Lorie E. Almon

15655531v.1